OPELOUSAS, SEPTEMBER, 1855.

L. P. CANONGE *v.* C. FUSELIER et al.

J. advanced to F. a sum of money, the latter assigning to J. all her interest in a succession and authorizing him to reimburse himself, the amount loaned, out of the first assets received from the succession. *Held:* that this assignment was a mere collateral security, and that the lender had the right to coerce payment of the loan without waiting the settlement of the succession.

APPEAL from the District Court of St. Mary, *Dupre,* J.
Albert Voorhies, for plaintiff. *Edward Simon,* for defendants and appellants.

LEA, J. On the 22d of June, 1843, *P. P. Briant,* the husband of *Clara Fuselier,* the defendant, being in want of money, addressed to *Louis Janin, Esq,* who was then representing as counsel the interest of said *Clara Fuselier,* in the estate of *Edward Fuselier,* a letter, from which the following is a translated extract:

"ST. MARTINSVILLE, June 22d, 1843.

*Louis Janin, Esq.,* New Orleans,

Sir:—Having the greatest need of a sum of four hundred and fifty or five hundred dollars, in order to pay a mortgage debt which cannot be put off, I take the liberty to address myself to you in the hope that your connexion with the succession of the late *Edward Fuselier,* will induce you to accede to my indiscreet request. I do not know exactly the portion which will fall to each of us in this succession, as our hereditary portion, but I suppose it will be at least $1,000, one thousand dollars,—I think as much. In case you should possibly come to my relief I propose to you to transfer to you all my rights in this succession, and when the distribution of the assets takes place, you will commence by retaining in your hands, the sum you have advanced to me, and you will please keep the rest as a deposit."

The proposition contained in the above extract having been acceded to, *Clara Fuselier,* drew a sight draft upon *L. Janin,* of which the following is a translation.

PARISH OF ST. MARY, July 3d, 1843.

*Louis Janin, Esq.,* New Orleans,

Sir:—Please pay to Mr. *G. P. Briant,* at sight and to his order, the sum of five hundred and twenty-five dollars, and oblige your humble servant,
CLARA FUSELIER.
To authorize my wife: P. P .BRIANT.

On presentation, this draft was paid by *L. Janin,* upon whom it was drawn.
On the same day that the above draft was drawn and in anticipation of its payment by *Janin,* the defendant, authorized by her husband, assigned to him her hereditary portion in the succession of *Edward Fuselier,* authorizing him to claim and receive it, as if it belonged to him, setting forth, however, in the act of assignment that the cession was made in consideration of the sum of five hundred and twenty-five dollars, which the said *Janin* "has paid in cash," and which "he will reimburse himself with ten per cent. interest from this day, until full payment, out of the first assets, which he will receive on account of this delegation, and on condition that he will render an account of the surplus of said hereditary portion."

88

CANONGE
*v.*
FUSELIER.

A period of nearly ten years intervened between the date of the draft and the institution of this suit, the present plaintiff having in the meantime, taken an assignment from *Janin* of his right and claim upon the defendant growing out of the transaction.

There is no contestation about the facts of this case. The indebtedness of the defendant is admitted, but it is urged in defence that the debt was in fact not due until the assets should be realized by the defendant from the liquidation of the succession of *Edward Fuselier*.

A cash advance having been made to the defendant, it was incumbent upon her to establish affirmatively the stipulation for a delay in payment upon which she relies. It is probable that, at the time the advance was made, *Janin* expected to be paid out of proceeds realized from the estate of *Edward Fuselier*, and that he was willing to postpone any demand for payment until such period as he, at the time, supposed, would be required for the liquidation of that estate, but we do not consider that the giving or taking of collateral security, for the reimbursement of the loan, though accompanied with an authority to "reimburse himself" "out of the first assets which he should receive" imposes any obligation upon the lender to wait until the final liquidation of the estate of *Fuselier*, which was not legally under his control, before urging his demand.

It would not be presumed that the lender intended to grant such extraordinary indulgence, unless the language of the first proposition (that upon which *Janin* acted) precludes any other construction.

We consider that the contract between the parties amounts to no more than this: the defendant being in want of money, tendered collateral security for its reimbursement; of course the collateral security could not be made available until something was realized from it, but it by no means follows that the principal was bound to await the tardy liquidation of an embarrassed estate before urging payment of his claim.

It is ordered that the judgment appealed from, be affirmed with costs.